Clerk of the Court
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
NOV 02 2015
Abel Acosta, Clerk

Warren Pierre Canady
# 723784
1697 FM 980
Huntsville, Texas 77343

October 28, 2015

Re: Canady v State, No. 1276450-E / Formal Complaint / Mandamus

Dear Clerk:

On September 1, 2015 the district clerks office filed the above referenced application for writ of habeas corpus. Tex. Code Crim. Proc. Art. 11.07 (enclosed). On September 15, 2015 the state filed it's original answer (enclosed). On September 24, 2015 the state trial court issued it's original answer (not enclosed).

After both state and trial court have been served and answered, the district clerk has a ministerial duty to foward the application to the Court of Criminal Appeals for their consideration pursuant to Art. 11.07, § 3(c), T.C.Cr.Proc.

Based on your October 14, 2015 correspondence, the district clerk has either refused or failed to comply with it's statutory requirements (enclosed).

I seek your intervention, to compel the district clerk to foward my application to the Court of Criminal Appeals.

Sincerely,

Warren P. Canady



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

September 4, 2015

WARREN PIERRE CANADY
# 723784 - ELLIS
1697 FM 980
HUNTSVILLE, TX 77343

RE: CAUSE # 1276450-E
248th District Court

Dear Applicant:

Your post conviction application for Writ of Habeas Corpus was received and filed on 09/01/2015. Article 11.07 of the Texas code of Criminal Procedure affords the State 15 days in which to answer the application after having been served with said application. After the 15 days allowed the State to answer the application, the Court has 20 days in which it may order the designation of issues to be resolved, if any. If the Court has not entered an order designating issues to be resolved within 35 days after the State having been served with the application, the application will be forwarded to the Court of Criminal Appeals for their consideration pursuant to Article 11.07, Sec. 3(c) of the Texas Code of Criminal Procedure.

The records of the office reflect the following:

| CAUSE NO. | PETITION FOR WRIT OF HABEAS CORPUS | DISPOSITION |
|-----------|-----------------------------------|-------------|
| 1276450-A | 04/03/2013 | DISMISSED |
| 1276450-B | 01/09/2013 | DISMISSED |
| 1276450-C | 07/10/2013 | DISMISSED |
| 1276450-D | 07/12/2014 | PENDING |

All future correspondence should indicate the above listed cause number.

Sincerely,

Roxana Garcia, Deputy
Criminal Post Trial

CC: District Attorney
Judge, Presiding Court



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

September 16, 2015

2

WARREN PIERRE CANADY
# 723784 - ELLIS UNIT
1697 FM 980
HUNTSVILLE, TX 77343

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 1276450-E in the 248th District Court.

☒ State's Original Answer Filed September 15, 2015

☐ Affidavit ,

☐ Court Order Dated ,

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☐ Respondent's Proposed Findings of Fact and Order ,

☐ Other

Sincerely,

Roxana Garcia, Deputy
Criminal Post Trial

rg

Enclosure(s) –

**F I L E D**
Chris Daniel
District Clerk

SEP 15 2015

Harris County, Texas
By_____
Deputy

CAUSE NO. 1276450-E

EX PARTE:                              §         IN THE 248th DISTRICT COURT

                                       §                    OF

WARREN PIERRE CANADY                   §         HARRIS COUNTY, TEXAS
   Applicant

## STATE'S ORIGINAL ANSWER

The State of Texas, by and through its Assistant District Attorney for Harris County, files this State's Original Answer in the above-captioned cause, having been served with the original application for writ of habeas corpus, pursuant to TEX. CODE CRIM. PROC. art. 11.07 (West 2015), and would show the following:

### I.

On January 11, 2011, the applicant was convicted by a jury of the felony offense of credit card abuse in cause number 1276450 in the 248th District Court of Harris County, Texas. The trial court judge assessed the applicant's punishment, enhanced by two prior convictions, at confinement for five (5) years in the Texas Department of Criminal Justice – Institutional Division.

The Fourteenth Court of Appeal delivered an unpublished opinion affirming the applicant's conviction on February 2, 2012. *Canady v. State*, No. 14-11-00073-CR, 2012 WL 354185 (Tex. App. – Houston [14th Dist.] 2012, no pet.) (mem. op., not designated for publication).

The Court of Criminal Appeals dismissed the applicant's first, second, and third applications for writ of habeas corpus, Cause Numbers 1276450-A, 1276450-B, and 1276450-C on April 3, 2013, January 9, 2013, and July 10, 2013, respectively. The Court of Criminal Appeals denied the applicant's fourth application for writ of habeas corpus, Cause Number 1276450-D, on July 23, 2014. *Ex parte Canady*, WR-30,119-25 (Tex. Crim. App. 2013); *Ex parte Canady*, WR-30,119-24 (Tex. Crim. App. 2013); *Ex parte Canady*, WR-30,119-26; *Ex parte Canady*, WR-30,119-31 (Tex. Crim. App. 2014).

## II.

The State denies the factual allegations made in the instant application, except those supported by official court records, and offers the following additional reply:

The applicant claims actual innocence of the enhancements and an illegal sentence as his first and second grounds for relief in the instant application. *Applicant's Writ at 6-9*. However, if a subsequent writ application is filed after final disposition of an initial application challenging the same conviction, the Court may not consider the merits of or grant relief based on a subsequent application unless the application contains sufficient specific facts establishing that:

(1)     the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the <u>factual or legal basis for the claim was unavailable</u> on the date the applicant filed the previous application; or

(2)     by a preponderance of the evidence, but for a violation of the United States Constitution <u>no rational juror could have found the applicant guilty beyond a reasonable doubt</u>.

2

TEX. CRIM. PROC. CODE ANN. art. 11.07 § 4(a) (West 2015) (emphasis added).

The instant writ application was filed after the final disposition of the applicant's first, second, third and fourth writ applications, cause numbers 1276450-A, 1276450-B, 1276450-C, and 1276450-D, wherein he challenged the merits of the conviction and sentence in the primary case. The first, second and third applications were dismissed, and the fourth was denied without written order by the Texas Court of Criminal Appeals. In the instant application, the applicant fails to include sufficient specific facts establishing that the current claims could not have been presented previously because the factual or legal basis for the claims were unavailable; or that, by a preponderance of the evidence, no rational juror could have found the applicant guilty beyond a reasonable doubt. Therefore, the Court may not consider the merits of or grant relief based on the instant writ of habeas corpus.

Based on the totality of the circumstances, the applicant's instant writ application should be dismissed.

## III.

The applicant raises questions of law and fact that can be resolved by the Court of Criminal Appeals upon review of official court records and without need for an evidentiary hearing.

3

## IV.

Service has been accomplished by sending a copy of this instrument to the applicant at the following address:

Warren Pierre Canady
TDCJ-ID #723784 – Ellis
1697 FM 980
Huntsville, TX 77343

SIGNED this 14th day of September, 2015.

Respectfully submitted,

Sheila Hansel
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
Texas Bar ID #24078624
(713) 274-5985
(713) 755-5240 (fax)

4

CAUSE NO. 1276450-E

EX PARTE § IN THE 248th DISTRICT COURT

§ OF

WARREN PIERRE CANADY § HARRIS COUNTY, TEXAS
   Applicant

### **CERTIFICATE OF COMPLIANCE UNDER TEX. R. APP. 73.1(f)**

The State of Texas, through its Assistant District Attorney for Harris County, files

this, its Certificate of Compliance in the above-captioned cause, having been served with

an application for writ of habeas corpus pursuant to Tex. Crim. Proc. Code art. 11.07 § 3.

The State certifies that the number of words in the State's Original Answer is 826.

Signed this 14TH day of September, 2015.

Respectfully Submitted,

*Sheila Hansel*

Sheila Hansel
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 274-5985
Texas Bar # 24063791

FILED
Chris Daniel
District Clerk

SEP 15 2015

Time:_____
Harris County, Texas
By_____ Deputy

5

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

SEP 10

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Deputy





SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
JUDGES

**COURT OF CRIMINAL APPEALS**
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

3

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1600

October 14, 2015

Warren P. Canady #723784
Ellis Unit
1697 FM 980
Huntsville, TX 77343

RE: Trial Court Case #1276450-E

Dear Mr. Canady:

After a thorough search of our records, we find that you do not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time. If you have any further questions or concerns, please direct them to the District Clerk in the convicting county where you originally filed the application.

I am herewith returning your documents.

Sincerely,

Abel Acosta, Clerk

AA/kd
Enclosure